**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DUANE V. STROUT,**

**Petitioner,**

**v.** **Case No. 3:13cv314/LC/CJK**

**STATE OF FLORIDA, et al.,**

**Respondents.**
_______________________________/

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's amended habeas corpus petition filed under 28 U.S.C. § 2254. (Doc. 6). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition should be dismissed for lack of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a resident of Pensacola, Florida. (Doc. 1, p. 8; Doc. 6, p. 1). Petitioner is challenging a judgment of conviction for Contempt of Court entered by the Escambia County Court in Pensacola, Florida, on June 12, 2008, in Case Number 2007-MM-24921. (Doc. 6, p. 1). Petitioner received 12 months probation and a suspended sentenced of 11 months and 15 days imprisonment in the county jail. (Doc. 1, p. 1; Doc. 6, pp. 1-2). Petitioner later violated his probation and was

sentenced to 11 months and 15 days in county jail. (Doc. 1, p. 1; Doc. 6, pp. 1-2). Petitioner challenges his contempt conviction and violation of probation proceeding on various grounds, all grounded in the contention that the judge was biased. (Doc. 6, pp. 6-16). As relief, petitioner seeks the following: "to overturn the conviction rendered by the Honorable Judge Joyce Williams for the Escambia County Court system, Pensacola, Florida thereby clearing the name of defendant Duane V. Strout of any contempt of the court conviction, and thereby restoring the good name of the defendant (Duane V. Strout)." (*Id*., p. 19). Petitioner was released from jail on April 4, 2010, having fully served his sentence. (Doc. 6, p. 1).

Petitioner filed his original federal habeas petition in this Court on May 15, 2013. (Doc. 1). When asked on the petition form to identify his place of confinement, petitioner identified the Escambia County Jail. The address petitioner provided in his signature block, however, was not the address of the Escambia County Jail, and the respondents petitioner named (the State of Florida and Ronald Sutek) were not the chief jailers of the Escambia County Jail. (*See* Doc. 1, pp. 1, 8). Accordingly, on May 16, 2013, the Court issued an order (doc. 3) requiring petitioner to file an amended petition clarifying his confinement status and naming the proper respondent. The Court advised petitioner:

> If petitioner is currently in custody, he must name as respondent the chief officer of the institution at which he is confined. *See* Rules Governing § 2254 Cases, Rule 2(a). If petitioner is not yet in custody – but may be subject to future custody – under the state court judgment being contested, petitioner must name as respondents both the officer who has current custody over him and the Attorney General of the State of Florida. *See* Rules Governing § 2254 Cases, Rule 2(b). If petitioner was previously in custody but was released prior to the filing of his petition, petitioner must explain why he satisfies the "in custody" requirement necessary for federal habeas jurisdiction.

(Doc. 3, pp. 1-2).

Petitioner filed his amended petition on July 9, 2013. (Doc. 6). Petitioner clarifies that he has not been in custody since April 4, 2010. Petitioner explains that he was placed on probation on June 12, 2008, that he was subsequently jailed, and that he "was released from jail on 4/4/2010 having served the maximum time requested by law. Therefore, the Petitioner is no longer in custody of or subject to future custody in the case in question. Therefore, there is no respondent (authorized person having custody of Petitioner) in this case." (Doc. 6, p. 1). Petitioner explains that he satisfies the "in custody" requirement necessary for federal habeas jurisdiction because:

> The Petitioner in this cause, has been in custody and completed the same: while the Rules appear to apply to those "in custody: or "future custody" it appears that this Petitioner is covered under Rule 1, Scope (B) other cases. The district court may apply any or all of these Rules to a Habeas Corpus petition not covered by Rule 1(a).

(Doc. 6, p. 1).

DISCUSSION

A federal district court may entertain a petition for habeas corpus relief filed by a person "<u>in custody</u> pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is <u>in custody</u> in violation of the Constitution or law or treaties of the United States") (emphasis added). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or

sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (per curiam). Although federal courts broadly construe the phrase "in custody," the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. *See Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926. In *Maleng*, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition in filed." 490 U.S. at 491; 109 S. Ct. at 1925.

Petitioner concedes that he was no longer in custody, or under any type of supervision or other restraint, as of April 4, 2010, having fully completed his sentence. As petitioner was not "in custody" at the time he initiated this action on May 15, 2013, this Court lacks jurisdiction to consider petitioner's § 2254 petition attacking his June 12, 2008 conviction for contempt and/or his subsequent conviction for violating his probation. *See Stacey*, 854 F.2d at 402-03.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's amended habeas corpus petition filed under 28 U.S.C. § 2254 (doc. 6) be DISMISSED for lack of subject-matter jurisdiction.

2. That the Clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of August, 2013.

/s/ Charles J. Kahn, Jr.

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).